UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES ALVIN CUMMINGS, JR.**        CIVIL ACTION

**VERSUS**        NO. 09-6129

**DEPUTY MICAH BLANGE, ET AL**        SECTION "A"(4)

## ORDER AND REASONS

The plaintiff, Charles Alvin Cummings, Jr., filed a **Motion to Add Jefferson Parish Sheriff Office to This Suit (Rec. Doc. No. 38)** seeking to add the Jefferson Parish Sheriff's Office ("JPSO") as a defendant in this case. Cummings alleges that the defendants were employees of the JPSO when the events forming the basis of his 42 U.S.C. § 1983 excessive force and denial of medical care claims occurred.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139

(5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In this case, Cummings request to amend is futile and would serve no purpose other than to burden the defendants and the Court. Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; *see Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Under Fed. R. Civ. P. 17(b), Louisiana law governs whether a defendant can be sued.[1] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." Louisiana Civil Code Article 24defines this term as ". . . an entity to which the law attributes personality, such as a corporation or partnership."

The State of Louisiana, however, grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, no parish sheriff's office is a legal entity capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the Jefferson

---

[1] Fed. R. Civ. P. 17(b) provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims if any against the sheriff's office would be frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

For the foregoing reasons, Cummings's request to add the Jefferson Parish Sheriff's Office as a defendant is futile. The sheriff's office is not a proper party or a person to be sued in this civil rights case. Accordingly,

**IT IS ORDERED** that Cummings's **Motion to Add Jefferson Parish Sheriff Office to This Suit (Rec. Doc. No. 38)** is **DENIED**.

New Orleans, Louisiana, this __5th__ day of January, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**